UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

O.H. and M.H., infants by their mother and natural guardian, JACQUILINE HINKLE, and JACQUILINE HINKLE, individually,

                                  Plaintiffs,

v.

NATIONAL VISION, INC., individually and doing business as AMERICA'S BEST CONTACTS & EYEGLASSES,

                                  Defendant.

3:22-cv-00930 (BKS/ML)

---

**Appearances:**

*For Plaintiffs:*
Gamaliel B. Delgado
Ryan A. Carlson
Joseph A. Kopacz
Morgan & Morgan, N.Y. PLLC
199 Water Street, Suite 1500
New York, NY 10118

*For Defendant:*
Aaron M. Schiffrik
Meghan M. Brown
Goldberg Segalla LLP
5786 Widewaters Parkway
Syracuse, NY 13214

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Jacquiline Hinkle brought an action for negligence on behalf of herself and her minor daughters, O.H. and M.H., against Defendant National Vision, Inc. (Dkt. No. 2). Plaintiffs

allege that Defendant negligently hired, retained, and supervised a former employee, Nicholas Vicioso. (*See generally id.* at 5–19). Their claims arose from an incident on August 10, 2019, when Vicioso exposed himself and masturbated to completion in front of Hinkle's minor daughters while Hinkle was undergoing a vision exam. The Court granted Defendant's motion for summary judgment on September 25, 2025. (Dkt. No. 159). Presently before the Court is Plaintiffs' motion for reconsideration of that decision. (Dkt. No. 161). Defendant filed an opposition to the motion. (Dkt. No. 166). For the following reasons, the Court denies Plaintiffs' motion.

## II.   FACTS

The Court assumes familiarity with the factual background of this case as set forth in its decision granting Defendant's summary judgment motion. (Dkt. No. 159).

## III.   STANDARD OF REVIEW

In general, a motion for reconsideration may be granted only upon one of three grounds: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Gun Hill Rd. Serv. Station*, 2013 WL 1804493, at *1, 2013 U.S. Dist. LEXIS 63207, at *3 (citing *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The standard for reconsideration is strict and is committed to the discretion of the court." *SEC v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. SEC*, 432 F. App'x 10 (2d Cir. 2011); *see also New York v.*

*Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010) ("A motion for reconsideration is generally not favored and is properly granted only upon a showing of exceptional circumstances." (internal quotation marks and citation omitted)).

## IV.    DISCUSSION[1]

Plaintiffs base their motion for reconsideration on clear error. They contend that the Court should correct "its erroneous interpretation of substantive state of New York law that National Vision did not have a duty to conduct an initial reasonable inquiry into Nicholas Vicisio's [*sic*] background prior to his hire." (Dkt. No. 161-1, at 7).  Plaintiffs, however, misstate this Court's holding. The Court did not hold that Defendant "had no duty, whatsoever, under New York law to conduct an initial inquiry into Nicholas Vicisio [*sic*] absent [Defendant] first knowing that Nicholas Vicisio [*sic*] had character issues[.]" (*Id.*). Nor did the Court hold that "an employer *never* has a duty to use ordinary care in vetting potential employees absent the applicant or some third-party informing the employer of an issue[.]" (*Id.* at 9 (emphasis in original)).

This Court did not set forth any new standard for an employer's duty when hiring employees. Rather, the Court applied the standard for proving a negligent hiring claim under New York law: whether "the employer knew or should have known that the employee had a propensity for the conduct which caused the plaintiff[s'] injury." *See Olsen v. Butler*, 211 N.Y.S.3d 476, 478 (App. Div. 2024). In addition, the Court considered the settled New York law that, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the

---

[1] Plaintiffs' motion for reconsideration focuses only on their negligent hiring claim, so the Court discusses only that claim.

3

prospective employee." *Hashimi v. Gap, Inc.*, 221 N.Y.S. 3d 664, 666 (App. Div. 2024) (citations omitted); s*ee* Dkt. No. 159, at 12–13 (collecting cases).

In light of this standard, the Court evaluated whether there were any genuine issues of facts material to Plaintiffs' claim by assessing the evidence that would be admissible at trial in the light most favorable to Plaintiffs. The Court notes that Plaintiffs mistakenly assert in their motion for reconsideration that there was no inquiry into Vicioso's background. (*See, e.g.*, Dkt. No 161-1, at 16 ("Here, it is undisputed that National Vision conducted no background investigation of Nicholas Vicisio [*sic*].")). Although Defendant did not conduct a criminal background check of Vicioso, Defendant did inquire into Vicioso's background during the hiring process. As recounted in the Court's decision, *O.H. v. Nat'l. Vision, Inc.*, No. 3:22-cv-00930, 2025 WL 2734176, at *3, 2025 U.S. Dist. LEXIS 188568, at *7–9 (N.D.N.Y. Sep. 25, 2025), Defendant's employment application requested an applicant's professional references, employment history, and criminal background, which Vicioso provided. In addition, the former manager at America's Best Contacts & Eyeglasses in Ithaca, New York interviewed Vicioso for about half-an-hour. *Id.* Based on the information Defendant learned about Vicioso from this hiring process, and other evidence discussed in the Court's decision, the Court concluded that "[t]here is no evidence from which a jury could find that Defendant 'knew or should have known that [Vicioso] had a propensity for the conduct which caused [Plaintiffs'] injury." *O.H.*, 2025 WL 2734176, at *8, 2025 U.S. Dist. LEXIS 188568, at *22.

In support of their motion, Plaintiffs provided additional case law and the same law cited in their summary judgment briefing, but have not shown the Court that it made any clear error of law. Some of the new cases which Plaintiffs cite are inapposite to their negligent hiring claim. For example, Plaintiffs cite to *Chapman v. Erie R. Co.*, 55 N.Y. 579 (N.Y. 1874) and *Baulec v.*

*N.Y. & Harlem R.R. Co.* 59 N.Y. 356 (N.Y. 1874) for the proposition that "common law in New York requires an initial reasonable inquiry into an employee's background prior to hiring, notwithstanding the lack of notice of potential issues with the employee's character and fitness." (Dkt. No. 161-1, at 8). But neither of these cases involved negligent hiring claims. The court in both cases reviewed negligent retention claims and discussed an employer's liability to an employee for injuries caused by another employee's negligence. *See Chapman*, 55 N.Y. at 583–84 (evaluating the sufficiency of the evidence to justify a verdict for the plaintiff in light of the standard that "if proper persons are employed who afterward become incompetent or unfit, from bad habits, to discharge their duties, and this is brought to the knowledge or notice of the principal or its managing officers who have power to act in the premises, a failure or neglect promptly to discharge them will render the principal liable for any injury caused thereby"); *Baulec*, 59 N.Y. at 364 (stating that "[t]here is nothing in the case to justify the imputation of a want of care in the first or original employment of McGerty, the switchman," and then reviewing the grant of nonsuit against the plaintiff in light of the standard that "[a]ll that the corporation defendant was bound to do, after [an employee's "single instance of neglect"], was to inquire into it, and ascertain the facts, and act in the discharge or retention of the switchman with reference to the facts ascertained, as reasonable prudence and care should dictate, and if such care and caution was exercised, the company is not liable although its general agent erred in judgment in retaining the switchman in the same service"). And other cases Plaintiffs cite do not include enough facts to determine the basis for the court's ruling. *See, e.g.*, *Trunco v. Eastport-S. Manor C. Sch. Dist.*, 235 N.Y.S.3d 352, 355 (App. Div. 2025) (finding that "[t]he defendants' submissions in support of their motion failed to eliminate triable issues of fact as to whether they took appropriate measures to evaluate the teacher's employment and fitness at the time he was

5

hired," but not explaining what those submissions were). None of the cases cited by Plaintiffs support their argument that the Court made a clear error in its articulation or application of the standard for a negligent hiring claim. Therefore, the Court declines to reconsider its prior decision.

The Court has carefully reviewed the remainder of Plaintiffs' motion for reconsideration and does not find any other basis for reconsideration.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for reconsideration (Dkt. No. 161) is **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>January 22, 2026</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge